IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 13, 2003 Session

**STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES v.
SARAH OWENS, ET AL.,
IN THE MATTER OF S.L.O.**

**Appeal by permission from the Court of Appeals, Eastern Section
Circuit Court for Haywood County
No. 3533   Clayburn L. Peeples, Judge**

———————————————

**No. W2002-00905-SC-R11-CV - Filed March 11, 2004**

———————————————

This case presents an issue of jurisdiction–whether the circuit court or the Court of Appeals has the authority to hear and decide this appeal from the juvenile court.  We hold that the Circuit Court for Haywood County has jurisdiction to hear this appeal.  Accordingly, we remand the case to the Circuit Court for Haywood County to conduct an appeal de novo pursuant to Tennessee Code Annotated section 37-1-159(a).  The parties have also challenged the circuit court's authority to transfer the case to the Court of Appeals.  Because we hold that the circuit court has jurisdiction to hear the appeal, we do not consider the transfer issue.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed
and Case Remanded to the Circuit Court for Haywood County**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for the appellant, Tennessee Department of Children's Services.

James S. Haywood, Jr., Brownsville, Tennessee, for the appellees, Frank A. Maddox and Burnett Maddox.

**Opinion**

**I.  Facts and Procedural History**

S.L.O.,[1] the child at the center of this dispute, was born in Gary, Indiana, on March 3, 1994. She lived in Tennessee[2] with her seven biological siblings and foster parents, Johnny and Sarah Owens. Of the eight children, the Owenses adopted only S.L.O. In 1999, as a result of child abuse allegations lodged against the Owenses, the Tennessee Department of Children's Services (TDCS) removed the eight children from the Owenses' home. While S.L.O. remained in Tennessee, her seven siblings were returned to Indiana,[3] where they were later adopted by an aunt, Burnett Maddox,[4] and her husband, Frank Maddox. Apparently unbeknownst to the Maddoxes,[5] TDCS removed S.L.O. from the Owenses' home in December 1999 and placed her with foster parents, with whom she has resided ever since.

Following the filing of a petition to declare S.L.O. a dependent and neglected child in the Haywood County Juvenile Court,[6] the Maddoxes, on May 2, 2001, filed a "Petition to Intervene and For Temporary Custody" in that proceeding. A month later, in June 2001, while both the dependency and neglect petition and the Maddoxes' petition were pending, TDCS filed a petition to terminate the Owenses' parental rights to S.L.O. The juvenile court considered the termination petition on August 22, 2001, and the Owenses did not contest the issue. Immediately on the heels of the termination hearing, the juvenile court took up the Maddoxes' intervening petition for custody.[7]

In an order filed September 5, 2001, the juvenile court terminated the Owenses' parental rights and awarded guardianship of S.L.O. to TDCS. Thirty-four days after entry of the guardianship order, on October 9, 2001, the juvenile court denied the Maddoxes' petition. The court entered an order declaring the Maddoxes' custody petition moot on the basis that the termination order, entered earlier, deprived the court of jurisdiction. The order states specifically that the cause came to be heard on August 22, 2001, upon petition of the Maddoxes for custody of S.L.O., and it provides further as follows:

The court's order of September 5, 2001, giving the State of Tennessee full

_____

[1]Consistent with this Court's policy, we refer to children in custody cases by their initials.

[2]Although it is not clearly stated in the record, we assume that S.L.O. and the Owenses resided in Tennessee.

[3]It appears that S.L.O.'s siblings were returned to Indiana because they had not been adopted by the Owenses.

[4]Burnett Maddox is Johnny Owens's sister.

[5]According to Leann Rial, Assistant General Counsel with TDCS, the department was unaware of the Maddoxes' existence.

[6]Although the Court of Appeals, as well as the parties, refer to the dependency and neglect proceeding, the record before us does not contain the dependency and neglect petition or any orders entered. Thus, we are unable to determine the specifics of its filing.

[7]Again, there is no transcript of this hearing included in the record before us.

guardianship renders the present petition [moot] as the court no longer has jurisdiction. The petition is therefore denied.

In the interest of justice the court will rule on the merits in the event the court is in error on the jurisdiction issue.

The court having given full consideration of all relevant factors and statutory presumptions has determined it would not be in the child's best interest to grant custody to the Maddox[es].[8]

On October 18, 2001, the Maddoxes filed a notice stating their intent to appeal the order to the Circuit Court of Haywood County. One day beyond the deadline for filing a notice of appeal, on November 19, 2001, TDCS filed a motion to dismiss for lack of jurisdiction in the circuit court. The motion was grounded on the assertion that when the Owenses' parental rights were terminated and guardianship of S.L.O. was awarded to TDCS, the juvenile court lost jurisdiction to hear the Maddoxes' petition to intervene and for custody because the petition became moot and was superseded by the termination order. Additionally, TDCS contended that the Maddoxes had no standing to appeal the termination and guardianship order.

In an order dated April 15, 2002, the circuit court granted TDCS's motion to dismiss for lack of jurisdiction. The Maddoxes appealed to the Court of Appeals. The Court of Appeals, based on reasoning different than that of the circuit court, held that the circuit court did not have jurisdiction to hear the appeal because cases involving the termination of parental rights are appealed directly to the Court of Appeals. It stated:

While the instant case started as a dependent and neglect proceeding, it became a termination of parental rights which resulted in the final judgment. The [Maddoxes'] petition to intervene was still pending in the cause when the petition for termination of parental rights was filed. Thus, it became part of that proceeding, and the juvenile court so considered it.

Nevertheless, the Court of Appeals concluded that the circuit court did have the authority to transfer the case to the Court of Appeals. Therefore, the Court of Appeals modified the circuit court's order to provide that the appeal be transferred to the Court of Appeals for processing and disposition. In the opinion, the Court of Appeals stated: "The date of the filing of this order shall be considered the date of the filing of an amended Notice of Appeal, and the appeal, including all time requirements, will be governed by the Rules of Appellate Procedure."

TDCS filed a petition to rehear the case, contending that the circuit court could not transfer what it could not entertain, and thus it lacked authority to transfer the appeal. The Court of Appeals

---

[8]It should be again noted here that there is neither transcript nor analysis demonstrating the factual or legal basis for the juvenile court's ruling on S.L.O.'s best interests.

rejected this contention, finding that the transfer to the Court of Appeals was proper. TDCS then requested that the Court of Appeals hear the case immediately based upon the issue already briefed to the court by the parties–whether the juvenile court's termination order deprived the juvenile court and circuit court of jurisdiction to hear the Maddoxes' petition for custody. The Court of Appeals agreed and set a briefing schedule. TDCS contemporaneously filed an application in which it sought permission to appeal the Court of Appeals' decision to the Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. TDCS sought, and was granted, a suspension of the briefing schedule set by the Court of Appeals pending the outcome of the application and any resulting appeal. Pursuant to TDCS's application under Rule 11 of the Tennessee Rules of Appellate Procedure, we granted review to determine which court had jurisdiction to review the judgment of the juvenile court.

## II. Standard of Review

We review the juvenile court's findings of fact de novo upon the record, accompanied by a presumption of correctness of those findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d) (2003); Kendrick v. Shoemake, 90 S.W.3d 566, 570 (Tenn. 2002). We review the juvenile court's conclusions of law de novo with no presumption of correctness. Kendrick, 90 S.W.3d at 569. When the juvenile court does not make any specific findings of fact, we review the record to determine where the preponderance of the evidence lies. Id. at 570.

## III. Analysis

In her young life, S.L.O. has been separated from her natural parents, adopted by the Owenses (who lost custody of her when abuse allegations surfaced), and placed with a foster family while custody of her seven biological siblings was entrusted to the Maddoxes. Accordingly, this Court acknowledges its obligation to resolve this controversy as expeditiously as possible.

In its brief to this Court, TDCS contends that the circuit court did not have jurisdiction to hear the appeal of this case. Consistent with that conclusion, TDCS asserts that the circuit court did not have the authority to transfer this case to the Court of Appeals.

Tennessee Code Annotated section 37-1-159 governs the appeal of judgments of the juvenile court. That statute, in pertinent parts, provides that "any appeal from any final order or judgment in . . . [a] dependent and neglect proceeding . . . may be made to the circuit court" to be reviewed de novo. Tenn. Code Ann. § 37-1-159(a) (2001). In contrast, "all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure." Id. § 37-1-159(g).

After having recognized that this case began as a dependency and neglect case, the Court of Appeals concluded, nevertheless, that it had been converted into a termination of parental rights case. Thus, the Court of Appeals held that the circuit court had no jurisdiction–a conclusion accompanied neither by reasoning nor analysis.

-4-

We conclude that the order that the Maddoxes attempted to appeal de novo to the Circuit Court was connected to the dependency and neglect proceeding. The nature and substance of a proceeding cannot be transformed simply by the filing of a petition with a different caption. Here, despite TDCS's later-filed petition and the subsequent order terminating parental rights, the Maddoxes' intervening petition for custody was properly before the juvenile court in S.L.O.'s dependency and neglect hearing. Although TDCS correctly notes that "custody decisions arising from juvenile court terminations of parental rights are appealed directly to the Court of Appeals,"[9] we conclude that the order appealed in this case arose out of a dependency and neglect proceeding, rather than from a termination proceeding. Thus, the Maddoxes' appeal was properly perfected to the circuit court pursuant to section 37-1-159(a).[10]

TDCS, relying upon Tennessee Code Annotated section 36-1-113(n),[11] also asserts "that the Maddoxes' petition for custody was rendered moot when TDCS was awarded complete guardianship

---

[9]In support of its theory that the appeal should have been perfected to the Court of Appeals, TDCS cites to In re M.W.A., Jr., 980 S.W.2d 620 (Tenn. Ct. App. 1998). In that case, TDCS filed a petition to terminate the parental rights of both the mother and father. Three paternal relatives intervened in the proceeding and sought custody of the children. Id. at 620. The issues presented to the Court of Appeals were sufficiency and the best interests of the children. Id. at 620-21. The issue of jurisdiction on appeal was neither raised nor addressed.

[10]Tennessee Code Annotated section 37-1-159(a) provides:

The juvenile court shall be a court of record; and any appeal from any final order or judgment in a delinquency proceeding, filed under this chapter, except a proceeding pursuant to § 37-1-134, may be made to the criminal court or court having criminal jurisdiction which shall hear the testimony of witnesses and try the case de novo; and any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court which shall hear the testimony of witnesses and try the case de novo. The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition. If a rehearing of a matter heard by a referee is not requested or provided pursuant to § 37-1-107(e), the date of the expiration of the time within which to request rehearing shall be the date of disposition for appeal purposes, and the parties and their attorneys shall be so notified by the referee. If there is a rehearing by the judge, the appeal period shall commence the day after the order of disposition is entered.

[11]Tennessee Code Annotated section 36-1-113(n) (2001) provides:

An order of guardianship or partial guardianship entered by the court pursuant to this section shall supersede prior orders of custody or guardianship of that court and of other courts, except those prior orders of guardianship or partial guardianship of other courts entered as the result of validly executed surrenders or revocations pursuant to § 36-1-111 or § 36-1-112, or except as provided pursuant to § 36-1-111(r)(4)(D) and (E), or except an order of guardianship or partial guardianship of a court entered pursuant to § 36-1-116; provided, that orders terminating parental rights entered by a court under this section prior to the filing of an adoption petition shall be effective to terminate parental rights for all purposes.

-5-

of S.L.O." Tennessee Code Annotated section 36-1-113(n) provides that "[a]n order of guardianship or partial guardianship entered by the court pursuant to this section shall supersede prior orders of custody or guardianship . . . ." The order which TDCS alleges is superseded is not an order of guardianship, but rather, a pending custody petition. See In re K.A.Y., 80 S.W.3d 19, 25 n.4 (Tenn. Ct. App. 2002) (holding that a pending custody matter was not superseded by the juvenile court's grant of full guardianship to TDCS because the custody petition had not been adjudicated when TDCS obtained the order granting it guardianship of the children). Therefore, the statute is inapplicable under its own terms.

The jurisdictional issue aside, our understanding is that the Maddoxes also contend that, as legal relatives of S.L.O. at the time of the juvenile court proceedings and as parents of S.L.O.'s seven biological siblings, they were denied a fair hearing of their petition for custody. This is a most serious contention, and all involved have a substantial interest in the fair resolution of this matter. This Court is bound, by law and tradition, to promote that interest.

When reviewing a case on appeal, the appellate courts rely upon the record which sets forth the facts established as evidence in the trial court. Tenn. R. App. P. 13(c) (2003). This Court "'is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are *presented and decided* in the trial courts, and a record thereof preserved as prescribed in the statutes and Rules of this Court.'" In re Adoption of E.N.R., 42 S.W.3d 26, 31-32 (Tenn. 2001) (quoting Dorrier v. Dark, 537 S.W.2d 888, 890 (Tenn. 1976)) (emphasis added).

The woefully inadequate record before us indicates that this case originated as a dependency and neglect proceeding filed in the juvenile court against S.L.O.'s adoptive parents. The Maddoxes then filed, pursuant to Tennessee Rule of Civil Procedure 24.01 (2003),[12] their petition to intervene in the dependency and neglect proceeding and for custody of S.L.O. While both of these above-described matters were pending, TDCS filed a petition to terminate the parental rights of the Owenses as to S.L.O. This petition was filed in the same court in which the other two matters were pending.

Although the juvenile court heard and decided the petition for the termination of parental rights first, this proceeding began as a dependency and neglect proceeding which included the Maddoxes' timely filed petition to intervene. Through the juvenile court's fortuitous shuffling of paper, the Maddoxes' petition for custody was immediately deemed moot, and the cause at once was transformed from a dependency and neglect case to a termination of parental rights case. See Nale

---

[12]Tennessee Rule of Civil Procedure 24.01 provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

v. Robertson, 871 S.W.2d 674, 678 (Tenn. 1994) (holding that the natural rights of the father should have been decided before the court proceeded with the issue of adoption and agreeing with the Court of Appeals that "[b]iological bonds should not be so lightly brushed aside, and the courts should not be given a license to engage in social engineering by invoking the 'best interests of the child'"). We have searched this sparse record before us, and we are unable to identify any finding of fact, reason, rationale, or basis that supports the procedure employed in this case. This procedure, whether accomplished inadvertently or intentionally, effectively ensnared the Maddoxes in a jurisdictional trap. Despite their timely and proper efforts, they were denied the opportunity to present their custody case and receive a ruling on the merits. They were, as may be vernacularly stated, "cut off at the pass." In view of all the circumstances, this result is unacceptable.

Tennessee Rule of Appellate Procedure 36(a) (2003) provides that our Court "may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact." Based on "the clear policy of this state favoring the adjudication of disputes on their merits," Norton v. Everhart, 895 S.W.2d 317, 322 (Tenn. 1995), the fact that the Maddoxes properly pursued their rights, see id., and the scant record available to this Court, we deem this an appropriate case to invoke our authority pursuant to Tennessee Rule of Appellate Procedure 36(a).

## IV. Conclusion

We reverse the judgment of the Court of Appeals and remand the cause to the circuit court, which shall regard the cause as involving dependency and neglect and shall concurrently consider and decide all petitions within that context. The costs of appeal are taxed to the appellant, State of Tennessee Department of Children's Services, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE