# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## IN RE N.R.P.

**Appeal from the Circuit Court for Rutherford County**
**No. 52381     J. Mark Rogers, Judge**

**No. M2005-02893-COA-R9-CV - Filed January 25, 2006**

This application for an interlocutory appeal concerns the jurisdiction of the Circuit Court for Rutherford County to consider a mother's appeal from a decision of the Rutherford County Juvenile Court changing custody to the father.  The Circuit Court denied the father's motion to dismiss for lack of jurisdiction, but granted mother permission to appeal pursuant to Tenn. R. App. P. 9.  We concur with the Circuit Court that this is an appropriate case for an interlocutory appeal.   Because the Juvenile Court's decision does not arise out of a dependant or neglect proceeding, the appeal of the Juvenile Court's order lies to this court rather than the Circuit Court.  Accordingly, we vacate the Circuit Court's order and remand the case to the Circuit Court with directions to transfer the appeal to this court.[1]

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Vacated**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Sandra Lynn Mathis Smith, Murfreesboro, Tennessee, for the appellant, David Pickelsimer.

Abby Rose Rubenfeld, Nashville, Tennessee, for the appellee, Meghan McGiboney.

## MEMORANDUM OPINION[2]

---

[1]The Tenn. R. App. P. 9 application and answer fully set forth the parties' positions and the material facts. Therefore, pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25 and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c).  *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

[2]Tenn. Ct. App. R. 10 provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify
> the actions of the trial court by memorandum opinion when a formal opinion would have no

(continued...)

## I.

NRP was born in Bedford County, Tennessee, on November 11, 1999. The following day the father filed a Voluntary Acknowledgment of Paternity. On September 14, 1999, the Circuit Court for Bedford County entered a consent order establishing paternity, granting custody to the mother and setting the father's child support obligation. Over the next four years, the parties engaged in various litigation regarding custody and child support in both the Circuit Court for Bedford County and the Juvenile Court for Rutherford County.[3] Custody remained with the mother, although the father alleges the parties began sharing equal parenting time by agreement in early 2003.

The father initiated the current action on December 3, 2004, by filing an Emergency Petition for Temporary Custody and Protective Order, alleging that the mother had neglected NRP and that she was unfit to care for NRP because of drug abuse, pending criminal charges, and immoral living conditions. The Juvenile Court entered a Protective Order on the same date, finding probable cause to believe that NRP was dependant and neglected, and granting temporary custody to the father. Following hearing six days later, the Juvenile Court entered an order on December 14, 2004, finding no proof of an emergent situation and dissolving the protective order. The Juvenile Court did not dismiss the petition, however, and set a custody and visitation schedule pending a final hearing.

On January 18, 2005, the father filed an Amended Petition for Custody based on the same allegations as his December petition, but without any request for emergency relief. The mother did not file an answer, and the case was tried over three days between May 31, 2005 and August 11, 2005. On August 29, 2005, the Juvenile Court entered a Final Order finding a material change of circumstances and designating the father as the residential custodian. The mother promptly filed a notice of appeal to the Circuit Court for Rutherford County.

On September 30, 2005, the father filed a motion to dismiss the appeal for lack of jurisdiction on the grounds the appeal lies to the Court of Appeals, not the Circuit Court, pursuant to Tenn. Code Ann. § 37-1-159(g). The mother responded that the appeal was properly before the Circuit Court because it arose out of a dependant and neglect proceeding. The trial court denied the father's motion to dismiss, but granted the father permission to appeal pursuant to Tenn. R. App. P. 9.

## II.

---

[2](...continued)

precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3]The mother apparently moved to Rutherford County at some point, and the case was then transferred to the Rutherford County Juvenile Court.

Appeals from final decisions of juvenile courts are governed by Tenn. Code Ann. § 37-1-159. Tenn.Code Ann. § 37-1-159(a) provides that "any appeal from any final order or judgment in . . . [a] dependent and neglect proceeding . . . may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo." "Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure" Tenn. Code Ann. § 37-1-159(g). Thus the determinative question is whether the Juvenile Court's August 29, 2005 order was a final order or judgment in a dependent and neglect proceeding. We hold that it was not.

In determining whether the Juvenile Court's order arose out of a dependant and neglect proceeding, we look at the nature and substance of the proceeding. *State Dept. of Children's Services v. Owens*, 129 S.W.3d 50, 54 (Tenn. 2004). The proceedings before the Juvenile Court involved, at their core, a simple custody dispute between parents. The father's allegations of neglect, made to justify an award of temporary custody, did not transform what was, in essence, a petition for a change of custody into a dependant and neglect petition. Accordingly, the appeal from the Juvenile Court's order lies to this court rather than the Circuit Court.

Our decision that the Circuit Court lacks jurisdiction does not, however, require dismissal of the mother's appeal leaving her without any right of review. When a case has been appealed to the wrong appellate court, Tenn.Code Ann. § 16-4-108(a)(2) provides that it should be "transferred to the court having jurisdiction thereof." Both this court and the Tennessee Supreme Court have thus held that a circuit court should transfer such an appeal to this court rather than dismiss the appeal. *In re Estate of Williams,* Madison Law (Order granting Tenn. R.App. P. 11 application and amending judgment) (Tenn. Nov. 18, 1985); *In re Estate of White*, 77 S.W.3d 765, 769 (Tenn.Ct.App. 2001). Accordingly, the case shall be remanded to the trial court with directions to enter an order transferring the mother's appeal to this court for further proceedings.

Finally, the father has filed a motion to strike certain factual allegations in the mother's answer on the grounds the allegations are not supported by the record. The disputed factual allegations are not relevant to the issue on appeal, and the court has not relied on them in reaching its decision. We therefore deny the motion to strike as moot.

### III.

The application for an interlocutory appeal is hereby granted. The trial court's order denying the motion to dismiss is vacated and the case is remanded to the trial court for entry of an order transferring the mother's appeal to this court for further proceedings. The costs of this appeal are taxed to the appellant and her surety for which execution, if necessary, may issue.

_____
WILLIAM B. CAIN, JUDGE

-3-