IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 29, 2005 Session

# IN THE MATTER OF DESHUNDRA YVONNE HUNT
# SHELLY BRYANT v. JUAN HUNT

**Direct Appeal from the Circuit Court for Madison County**
**No. C-04-445     Roy B. Morgan, Judge**

---

**No. W2005-00684-COA-R3-CV - Filed February 7, 2006**

---

This appeal stems from a custody dispute between a mother and father over their minor daughter. In this appeal, we are asked to determine whether the circuit court erred when it dismissed the appeal of two juvenile court orders denying the mother's petition for permanent custody and the mother's amended petition to reconsider.  The mother argues that both orders were related to an original dependency and neglect proceeding that transferred custody of her minor daughter from her to the daughter's father.  The circuit court found that both orders were not related to the dependency and neglect proceedings and dismissed the mother's appeal.  Also on appeal, the mother asserts that the circuit court erred when it dismissed her appeal of the order regarding the original dependency and neglect proceedings as not being timely filed.  The mother has also requested that this Court vacate the original order regarding the dependency and neglect proceedings because of several due process violations that occurred during the hearing.  We dismiss the appeal of the issue requesting that we vacate the original order from the dependency and neglect proceedings and affirm the portion of the circuit court's order dismissing the appeal of the order stemming from the original dependency and neglect proceedings.  We vacate portion of the order dismissing the appeal of the two juvenile court orders filed September 24, 2004 and remand to the trial court for the entry of an order transferring the appeal of the two orders to the Court of Appeals for processing and disposition.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal of Juvenile Court Order from Original Dependency and Neglect Proceeding Dismissed; Judgment of the Circuit Court Affirmed in Part, Vacated in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J.,  and HOLLY M. KIRBY, J., joined.

Jeanie M. Todd, Jackson, TN, for Appellant

Bob C. Hooper, Jackson, TN, for Appellee

## OPINION

### I. FACTS & PROCEDURAL HISTORY

On April 7, 1999, Juan Hunt ("Father" or "Appellee") filed a petition for temporary custody of his daughter, D.Y.H.[1] ("Daughter") in the juvenile court for Madison County. Father based this petition on dependency and neglect. On May 18, 1999, the juvenile court for Madison County granted Father's petition. On August 12, 1999, the juvenile court relieved Father from paying any more child support to the mother, Shelly Bryant ("Mother or "Appellant").

In an attempt to regain custody of Daughter, Mother filed a petition for permanent custody on July 22, 2002. On July 29, 2002, the juvenile court conducted a hearing on Mother's petition for permanent custody and rendered an oral judgment on the matter denying the petition. Thereafter, Bryant filed a petition to reconsider and an amendment to the petition to reconsider. The juvenile court denied this amended petition to reconsider as well. Both orders were not entered with the juvenile court until September 24, 2004. The order denying Mother's petition for permanent custody, however, was entered *nunc pro tunc* for July 29, 2002.

Mother then sought an appeal of both judgments to the circuit court pursuant to section 37-1-159 of the Tennessee Code. Mother also filed a motion for summary judgment and a motion to appoint a guardian ad litem for her minor child. The circuit court dismissed Mother's appeal stating that the Court of Appeals was the proper court to appeal from the juvenile court's denial of her petition for permanent custody and her petition to reconsider. The circuit court also found that it could not entertain an appeal on the original order awarding temporary custody to Father based on dependency and neglect because the ten day statutory period for filing an appeal had expired. The circuit court did not rule on the merits of Bryant's motion for summary judgment and motion to appoint a guardian ad litem.

### II. ISSUES PRESENTED

Appellant has timely filed a notice of appeal and presents the following issues for review:

1. Whether the circuit court erred when it dismissed Appellant's appeal of an order from juvenile court from a dependency and neglect proceeding as not being timely filed;
2. Whether the circuit court erred when it dismissed Appellant's appeal of an order from juvenile court regarding Appellee's petition for permanent custody because it was appealed to the wrong court;

---

[1] Consistent with this Court's policy, we refer to children in sensitive cases by their initials.

3. Whether the circuit court erred when it dismissed Appellant's appeal of an order from juvenile court regarding an amended petition to reconsider because it was appealed to the wrong court; and

4. Whether the circuit court erred when it failed to rule on Appellant's motion for summary judgment and her motion for appointment of a Guardian Ad Litem.

For the following reasons, we dismiss the appeal of the issue requesting that we vacate the original order from the dependency and neglect proceedings and affirm the portion of the circuit court's order dismissing the appeal of the order stemming from the original dependency and neglect proceedings. We vacate the portion of the circuit court's order dismissing the appeal of the two orders filed September 24, 2004 and remand for the entry of an order to provide that the appeal of the orders filed September 24, 2004 by the juvenile court be transferred to the Court of Appeals for processing and disposition.

## III. STANDARD OF REVIEW

This Court reviews findings of fact by a trial court sitting without a jury under a *de novo* standard of review with a presumption of correctness for the findings. Tenn. R. App. P. 13(d). We review a trial court's conclusions of law *de novo* with no presumption of correctness. **Union Carbide Corp. v. Huddleston**, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A. Original Order on Dependency and Neglect Proceedings

Appellant has argued that the circuit court erred when it found that Appellant had not properly perfected her appeal of the order from the original delinquency and neglect proceeding. Specifically, Appellant contends that a second hearing occurred on July 29, 2002 regarding the original dependency and neglect proceedings, which an order was entered *nunc pro tunc* on September 24, 2004, and that she properly perfected an appeal of that order to the circuit court on August 1, 2002 and September 30, 2004.[2]

However, this assertion is in error. The hearing on July 29, 2002 dealt with Appellant's petition for permanent custody. Appellant has attempted to construe her petition for permanent custody as a petition for relief from judgment based on due process violations that occurred in the

---

[2] In this case, the juvenile court filed its order disposing of Appellant's petition for permanent custody *nunc pro tunc* for July 29, 2002 on September 24, 2004. For purposes of appeal of a *nunc pro tunc* order, a litigant's time for filing an appeal begins to run from the date the *nunc pro tunc* order is filed with the court clerk rather than the date of the prior verbal order. **Tevis v. Proctor & Gamble Distrib. Co.**, 113 S.W.2d 64, 67 (Tenn. Ct. App. 1937), *overruled on other grounds by* **N.J. Zinc Co. v. Cole**, 532 S.W.2d 246, 254 (Tenn. 1975); *see also* **Neely v. State**, 356 S.W.2d 401, 403 (Tenn. Crim. App. 1962) (finding that a judgment "cannot be entered *nunc pro tunc* so as to cut off the right of appeal" (citing *Jackson v. Jarratt*, 52 S.W.2d 137 (Tenn. 1932))).

original hearing. However, after reviewing her petition, it is not a petition for relief from judgment. Rather, it is a petition for change of custody based on changed circumstances and in the best interests of the child. Nowhere in the petition does Appellant request relief from the earlier judgment or address any alleged procedural due process violations of the juvenile court. Appellant's petition for permanent custody was a new action and wholly separate from the original delinquency and neglect proceeding. Thus, we affirm the decision of the circuit court as to this issue.[3]

### B. Petitions Filed after 1999

On appeal, Appellant asserts that the circuit court erred when it dismissed her appeal finding that all petitions and amended petitions after 1999 were properly appealable to the Court of Appeals. Specifically, Appellant contends that her petitions were related to the original dependency and neglect proceedings so that an appeal was properly before the circuit court.

In her brief on appeal, Appellant relies on **State of Tennessee Department of Children's Services v. Owens**, 129 S.W.3d 50 (Tenn. 2004), to support her proposition. However, Appellant's reliance on this case is misplaced.

In *Owens*, the Tennessee Department of Children's Services ("TDCS") filed a petition to declare an adopted child a dependent and neglected child. *Owens*, 129 S.W.3d at 52. While this petition was pending, the adopted child's aunt and uncle filed a petition to intervene and for temporary custody. *Id.* Subsequent to that filing, the TDCS filed a petition to terminate the adoptive parents' parental rights as to the adopted child. *Id.* Before considering the aunt's and uncle's petition to intervene and for temporary custody, the juvenile court considered the TDCS' petition to terminate the adoptive parents' parental rights. *Id.* at 52-53. In its order, the juvenile court terminated the adoptive parents' parental rights and awarded guardianship of the adopted child to the TDCS. *Id.* at 53. Over one month later, the juvenile court entered an order declaring the aunt's and uncle's petition to intervene and for temporary custody moot because its earlier termination order deprived the juvenile court of jurisdiction. *Id.* Thereafter, the aunt and uncle filed a notice of appeal to the circuit court. *Id.* The TDCS filed a motion to dismiss basing its motion on mootness grounds and that the termination order superseded the aunt's and uncle's petition. *Id.* The circuit court granted the TDCS' motion to dismiss. *Id.*

---

[3] Appellant has also argued on appeal that the original order from the dependency and neglect proceeding changing custody of Daughter from Mother to Father should be vacated because of the due process violations that she alleges occurred at the dependency and neglect proceedings.

Pursuant to section 37-1-103 of the Tennessee Code, the juvenile court has exclusive jurisdiction over dependency and neglect proceedings. Tenn. Code Ann. § 37-1-103(a)(1) (1999). Section 37-1-159 of the Tennessee Code states that "any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo." Tenn. Code Ann. § 37-1-159 (1999). Thus, the proper venue for appealing a juvenile court judgment from a dependency and neglect proceeding is to the circuit court. Accordingly, the appeal of this issue is dismissed.

On appeal, this Court affirmed the decision but for a different reason. *Id.* This Court found that the proceeding became a termination of parental rights proceeding once the TDCS filed its petition to terminate parental rights. *Id.* Further, this Court found that the petition to intervene became part of that proceeding because it was still pending when the TDCS filed its petition to terminate parental rights. *Id.* This Court also found that the circuit court had the authority to transfer the case to this Court, and we modified the order to transfer the appeal to us for processing and disposition. *Id.*

The Tennessee Supreme Court reversed and remanded because it found that the order appealed was connected to the dependency and neglect proceeding because (1) "[t]he nature and substance of the proceeding cannot be transformed simply by the filing of a petition with a different caption" and (2) the intervening petition was properly before the juvenile court in the dependency and neglect proceeding. *Id.* at 54-55.

In this case, Father filed his petition for custody based on dependency and neglect on April 7, 1999. The juvenile court conducted a hearing on this motion and entered a final order on May 18, 1999. The juvenile court entered another order on August 12, 1999 relieving Father from paying child support to Mother. When the juvenile court rendered its order, the record reflects that there were no other petitions brought in the dependency and neglect proceedings. Over 3 years after a final order was entered in the dependency and neglect proceedings in which a final order was issued changing custody of Daughter from Mother to Father, Mother initiated a new action when she filed a petition for permanent custody in juvenile court. Although Appellant has claimed on appeal that this petition was in substance a petition for relief from judgment, Appellant's petition made no reference to any alleged errors in the dependency and neglect proceedings. This petition requested a change of custody based on changed circumstances and in the best interests of the child. Thus, the circuit court properly acted when it found that it lacked jurisdiction to hear the appeal of Appellant's petition for permanent custody because this Court was the proper venue for an appeal from this order. *See* Tenn. Code Ann. § 37-1-159 (2004).

Likewise, the circuit court acted properly when it found that it lacked jurisdiction to entertain an appeal of the juvenile court's order denying Appellant's amended petition to rehear. Although this amended petition makes some references to alleged due process violations that occurred in the delinquency and neglect proceedings, it asked for a rehearing of the order disposing of Appellant's petition for permanent custody only. Like the original petition for permanent custody, this amended petition was not related to the delinquency and neglect proceedings. Rather, it was related to the petition for permanent custody. Accordingly, we affirm the circuit court's decision finding that it lacked jurisdiction to entertain an appeal of the juvenile court's order denying Appellant's amended petition to rehear. Thus, the issue regarding Appellant's motion for summary judgment and motion for the appointment of a Guardian Ad Litem are pretermitted.

However, the circuit court erred when it dismissed the appeal of the order denying Appellant's petition for permanent custody and the order denying Appellant's amended petition to rehear. "When a case has been appealed to the wrong appellate court, Tenn. Code Ann. § 16-4-

108(a)(2) provides that it should be 'transferred to the court having jurisdiction thereof.'" *In re Estate of White*, 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001) (quoting Tenn. Code Ann. § 16-4-108(a)(2)) (requiring chancery court to enter an order transferring an appeal petitioned to chancery court to the Court of Appeals). Accordingly, we vacate the circuit court's order to dismissing the appeal of both of the orders filed September 24, 2004 and remand for the entry of an order transferring the appeal of both orders filed September 24, 2004 to the Court of Appeals for processing and disposition.

## V. CONCLUSION

For the foregoing reasons, we dismiss the appeal of the order stemming from the original dependency and neglect proceedings and affirm the portion of the circuit court's order dismissing the appeal from the original order stemming from the dependency and neglect proceedings. Further, we vacate the portion of the circuit court's order dismissing the appeals from the orders filed September 24, 2004 by the juvenile court. We remand to the circuit court for the entry of an order providing that the appeal of the orders filed September 24, 2004 be transferred to the Court of Appeals for processing and disposition. The date of the filing of this order shall be considered the date of the filing of an amended Notice of Appeal and the appeal, including all time requirements, will be governed by the Rules of Appellate Procedure. Costs of this appeal are taxed to Appellant, Shelly Bryant, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE