# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 22, 2013 Session

## DAVID D. CLARK, JR. v. ASHLYN COOPER

**Appeal from the Circuit Court for Jefferson County**
**No. 22821      Ben Hooper, II, Judge**

---

**No. E2012-00684-COA-R3-CV-FILED-March 18, 2013**

---

This appeal arises from a dispute involving custody of a child. David D. Clark, Jr. ("Father") and Ashlyn Cooper ("Mother") voluntarily gave custody of their minor child ("the Child") to the Child's paternal grandparents. Mother later sought to alter custody of the Child through the Juvenile Court for Jefferson County ("the Juvenile Court"). The Juvenile Court denied Mother's motions. Mother filed a motion for a new hearing, which also was denied. The Juvenile Court, when denying Mother's motion for a new hearing, described the matter as a dependency case despite earlier classifying it as a custody case. Mother appealed to the Circuit Court for Jefferson County ("the Trial Court"), which denied Mother's appeal. The Trial Court held that the action was, in fact, a custody matter, and therefore, Mother's appeal from Juvenile Court, if any, should have been to the Tennessee Court of Appeals. Mother appeals. We hold that, while the Trial Court correctly held that this was a custody matter and that it therefore lacked subject matter jurisdiction to hear Mother's appeal, it should have transferred her appeal to this Court rather than simply deny the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Franz F. Springmann, Sr., Sevierville, Tennessee, for the appellant, Ashlyn Cooper.

Felisha B. White, Seymour, Tennessee, for the appellee, David D. Clark, Jr.

# OPINION

## Background

Some years ago, Father filed an action in Juvenile Court to establish paternity of the Child. Father's paternity was established. After a number of additional filings, Mother and Father entered into an agreed order in 2008 whereby custody of the Child was given to the Child's paternal grandparents.

Mother later filed a motion for a hearing. In September 2009, the Juvenile Court entered an order denying Mother's motion. Germane to the issue on appeal, the Juvenile Court stated in its order on that motion that the action pending before the court was not a dependency and neglect action. Rather, the Juvenile Court explained, "[t]he Court finds this is a visitation/custody dispute and has been one from its inception."

Mother filed additional motions afterwards: a motion for return of custody, motion for emergency custody, and motion for change in visitation. After a hearing, the Juvenile Court by its February 2010 order declined to grant Mother's request for a change in custody.[1] Mother subsequently filed her motion to set side and motion for new hearing. In her motion, Mother argued that the guardian ad litem had actively participated in the hearing contrary to Supreme Court rule 40(a). Mother asserted that this tainted the proceedings and that the order emanating from the hearing should be stricken.

In January 2011, following another hearing[2], the Juvenile Court entered an order denying Mother's motion to set aside and for a new hearing, stating in relevant part:

> [Mother's] quoting and relying on Rule 40A is in error. Rule 40A appointments are to be utilized in custody cases involving "...divorce, paternity, domestic violence, contested adoptions, and contested private guardianship cases." None of those issues were/are involved in this case. *When the father and the mother voluntarily entered into an agreed order divesting themselves of legal and physical custody of the child, this case stopped being merely a custody case and became a dependency case.* Rule

---

[1]The record does not contain Mother's motions, but, we glean from the Juvenile Court's order that Mother alleged that her health and overall situation had improved such as to cause a material change in circumstances.

[2]By this stage of the case, Mother had retained new counsel, the attorney now representing her on appeal.

40A was and is simply not applicable in the proceedings held on January 21, 2010. (Note: the respondent misquotes Rule 40A as Rule 40(a).) (emphasis added).

Thus, the Juvenile Court contradicted its 2009 characterization of this case as a custody matter, stating that this actually was a "dependency case."

Mother appealed to the Trial Court. Father filed a motion to dismiss. The Trial Court conducted a hearing regarding Mother's appeal in January 2012. In March 2012, the Trial Court entered an order denying Mother's appeal, holding that this was, in fact, a custody matter which should have been appealed to the Tennessee Court of Appeals rather than a dependency case in which the appeal would have been to the Trial Court. The Trial Court incorporated the transcript of the January 2012 proceedings into its order, and we quote from the Trial Court's reasoning in relevant part:

Okay. I think one thing that comes to my mind is I don't think it is really material to the true focus of this case what the guardian ad litem may have done or didn't do. And apparently there are some situations where he can do what he did and there are some where he cannot.

And I don't know, maybe - - I'm trying to figure out what really happened here. And, Ms. White, you are the only one that was there, other than the parties. It seems like that, and I want to be very careful about what I say, but sometimes you have got to say it, that maybe Judge Bell may have felt like somebody was saying, you know, you mishandled this matter by letting the guardian ad litem do what he did, and then he is really focused on trying to say, well, not really, because this is a dependency case.

Now, it is without a doubt he clearly ruled that this was a custody case at one point in time. That was in 2009. And it can't be any clearer.

But then he - - well, I don't know whether he reversed himself, but he is saying that there has been a transformation take place, all of a sudden this has become a dependency action.

I can't see, for the life of me, how it can be said that an agreed order signed by a judge in a custody case turns it into a dependency and neglect case or maybe just dependency. No judge is going to sign an order that creates a situation that is such that people are entitled to get relief through our judicial system. The other word, the neglect, nobody would sign an order, an agreed

order at that, that would then create a neglect situation. You know, it doesn't follow through. There is something amiss here.

I think maybe I have tried to poorly explain my thinking on the matter. And I'm really - - you know, I don't know what was in somebody's mind at the time this order went down January 20, 2011.

I just in good conscience cannot find that this is anything other than just a custody case. You know, he was so emphatic about it. And that is what it remains.

Mother timely filed an appeal of the Trial Court's March 2012 order to this Court.

## **Discussion**

Though not stated exactly as such, Mother raises one issue on appeal: whether the Trial Court erred in denying her appeal on the basis that her action was for custody and, therefore, the Trial Court lacked subject matter jurisdiction to hear her appeal.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

A dependency and neglect action heard in juvenile court is appealable to the circuit court, while a custody matter heard by the juvenile court is appealable to the Tennessee Court of Appeals. Tenn. Code Ann. § 37-1-159 (2010); *State Dept. of Children's Services v. Owens*, 129 S.W.3d 50, 54 (Tenn. 2004).

On appeal, Mother argues that the Trial Court should have characterized her appeal from Juvenile Court as one arising from dependency and neglect, thus entitling her to a *de novo* hearing in the Trial Court. As evidence, Mother points to the language of the Juvenile Court in its oral ruling in January 2011, when the Juvenile Court stated plainly that "[t]his was not a case involving custody" but rather "[this] was a dependency case." The Juvenile Court later reflected this characterization in its written order.

While the Juvenile Court labeled the case a "dependency case" when it ruled on Mother's motion to set aside, we do not consider this dispositive on the issue of the nature

-4-

of the case. Initially, we observe, as did the Trial Court, that the Juvenile Court labeled this action a custody matter in September 2009. As our Supreme Court has stated, "[t]he nature and substance of a proceeding cannot be transformed simply by the filing of a petition with a different caption." *Owens*, 129 S.W.3d at 54. Similarly, we believe that a judge's stated characterization of a matter may be mistaken, and we must look to the nature of the action itself to determine its character. Insofar as Mother understandably relied on the Juvenile Court's description of her action, any such reliance simply was predicated on an error. From a review of the record, there is no hint, apart from the Juvenile Court's curious characterization, that this was a dependency and neglect action. Rather, this case involved an agreed order whereby the parents gave custody to the grandparents, and then later Mother sought to change the custody arrangement. Therefore, we believe that the Trial Court did not err when it held that this was a custody case.

There still remains the issue of what the Trial Court should have done with respect to Mother's appeal once it correctly characterized the action as a custody matter. As we have discussed, the Trial Court lacked jurisdiction to hear Mother's appeal. Father apparently contends that we simply should affirm the Trial Court's denial of Mother's appeal, thus ending that appeal. We, however, do not believe that this is the proper result. When a case has been appealed to the wrong court, the appropriate course of action is for the court lacking jurisdiction to transfer the case to the correct court. *In re D.L.D., Jr.*, E2009-00706-COA-R3-JV, 2010 WL 653252, at *1 (Tenn. Ct. App. Feb. 24, 2010), *no appl. perm. appeal filed*; *In re Estate of White*, 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001).

The case of *In re E.J.M.*, W2005-02520-COA-R3-CV, 2006 WL 2052713 (Tenn. Ct. App. July 25, 2006), *no appl. perm appeal filed*, is particularly on point. In *In re E.J.M.*, the father timely appealed the juvenile court's custody decision to the circuit court. *Id*. at *1. The circuit court dismissed father's appeal for lack of subject matter jurisdiction. *Id*. at *2. On appeal, we held that, while the circuit court correctly determined that it lacked subject matter jurisdiction over the appeal, the circuit court should have transferred the father's appeal to the Court of Appeals. *Id*. We remanded the case to the circuit court with instructions for it to enter an order transferring the appeal to this Court. *Id*. at *3.

A similar course of action is appropriate in the instant case. We vacate the order of the Trial Court denying Mother's appeal and remand this cause to the Trial Court with instructions to enter an order transferring Mother's appeal of the Juvenile Court's decision to this Court.

**Conclusion**

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for proceedings consistent with this opinion.  The costs on appeal are assessed equally against the Appellee, David D. Clark, Jr., and the Appellant, Ashlyn Cooper.


_____
D. MICHAEL SWINEY, JUDGE