# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 12, 2014 Session

## RICKEY G. YOUNG v. TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, ET AL.

### Direct Appeal from the Chancery Court for Gibson County
### No. H5802      George R. Ellis, Chancellor

### No. W2013-02575-COA-R3-CV - Filed October 14, 2014

This case involves Employee's right to unemployment compensation benefits. The Tennessee Department of Labor and Workforce Development denied Employee's claim for benefits after finding that he was discharged for workplace misconduct. Employee sought judicial review of the decision in the trial court, alleging that the Department did not provide him a fair and impartial hearing. Employee requested that the trial court reverse the decision or remand the matter for a new hearing. The Department agreed and filed a motion to remand. The trial court remanded the matter for a new hearing. Employee appealed and now contends that the trial court erred in remanding the matter. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. MICHAEL MALOAN, SP. J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J. and J. STEVEN STAFFORD, J., joined.

Rickey G. Young, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter, Derek C. Jumper, Acting Solicitor General and Paul Jordan Scott, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse

(continued...)

# I. BACKGROUND AND PROCEDURAL HISTORY

In July 2012, the Tennessee Department of Labor and Workforce Development (the "Department") discharged petitioner/appellant Rickey G. Young, who had been employed by the Department as an unemployment benefits hearing officer since 2004. Mr. Young subsequently petitioned the Department for unemployment benefits. The Department denied Mr. Young's claim in its initial decision, finding that his termination was the result of workplace misconduct. Specifically, the Department found that Mr. Young was discharged for "failure to perform assigned duties according to supervisor's expectations" and for "failing to change a decision after being instructed to by his supervisor." The Department found that despite receiving prior warnings, Mr. Young knew of his employer's expectations and failed to comply with them.

Mr. Young appealed the initial decision to the Department's Appeals Tribunal, which conducted a hearing on the matter on January 28, 2013. Hearing officer Eric Davis presided over the Appeals Tribunal hearing. Mr. Young represented himself and did not present any witnesses. During the hearing, the Department introduced documents showing that Mr. Young was suspended from the Department in 2011 for, among other things, contravening Department guidelines and state law to grant benefits to certain claimants. When questioned about the suspension, Mr. Young stated that he felt it was unfair and recounted a meeting during which the Department's then Commissioner encouraged the hearing officers to grant more benefits. Mr. Davis responded, stating that he had attended the same meeting, and that after the Commissioner spoke, a state attorney warned the hearing officers to continue to follow the Department's guidelines.

Following the hearing, Mr. Davis issued a written opinion affirming the initial decision to deny Mr. Young's petition for unemployment benefits. Mr. Davis found that the evidence presented by the Department was sufficient to establish that Mr. Young engaged in workplace misconduct. Mr. Young subsequently appealed to the Commissioner's Designee, which also affirmed the decision.

Next, Mr. Young petitioned for judicial review of the Department's decision in the Chancery Court of Gibson County. In his petition, Mr. Young argued that the Department's

---

[1](...continued)

or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

finding of workplace misconduct was not supported by material and substantial evidence, and that the Department denied him a fair and impartial hearing. Mr. Young alleged that he had not violated agency policies, but had been terminated for making decisions without regard to his supervisor's "biased" opinions. Mr. Young requested that the trial court either reverse the decision or "remand the matter for a new hearing with a new hearing officer." The Department answered, denying the allegations in Mr. Young's petition, and asserting that the petition failed to state a claim upon which relief could be granted.

Prior to a scheduled hearing on the matter, Mr. Young filed a brief in support of his petition. In the brief, Mr. Young primarily contended that he did not receive a fair and impartial hearing. Mr. Young argued that Mr. Davis was biased against him, and that Mr. Davis essentially testified for the Department during the hearing when he qualified Mr. Young's statement that the former Commissioner instructed hearing officers to grant more benefits. Additionally, Mr. Young contended that the Department falsified exhibits as well as the Appeals Tribunal hearing transcript. In response to Mr. Young's brief, the Department filed a motion to remand the matter to the Department for a new hearing. The Department acknowledged the potential conflict of interest caused by Mr. Young's former colleague, Mr. Davis, presiding over his hearing, and proposed that the matter be reheard before a neutral administrative law judge. Mr. Young responded by objecting to the Department's motion for remand, arguing that any further action at the agency level would be similarly biased. On November 5, 2013, the trial court granted the Department's motion and remanded the matter to the Department for a new hearing conducted by a hearing officer of the Administrative Procedures Division of the Tennessee Secretary of State. The court emphasized that Mr. Young's right to judicial review would be preserved and would remain available to him.

Mr. Young filed a timely appeal to this Court. On appeal, Mr. Young contends that the trial court erred in remanding this matter to the Department for a new hearing. Additionally, Mr. Young requests that this Court address the merits of his claim and grant him unemployment benefits.

## II. ANALYSIS

We begin our analysis by defining the scope of our review in this case. Mr. Young asks this Court to address the merits of his case and grant his claim for unemployment benefits. However, this Court is a court of appellate jurisdiction, and its authority is therefore limited to the adjudication of issues presented and decided in the trial court. *State Dep't of Children's Servs. v. Owens*, 129 S.W.3d 50, 56 (Tenn. 2004). We note that the trial court did not address the merits of Mr. Young's appeal before remanding the case. Thus, the scope of our review is limited to determining whether the trial court erred in remanding the case for a new hearing.

The trial court's decision to remand this matter for another hearing presents a question of law, which we review de novo with no presumption of correctness. Tenn. R. App. P. 13(d); *Westgate Smoky Mountains at Gatlinburg v. Phillips*, 426 S.W.3d 743, 746 (Tenn. 2013).

Mr. Young argues that the trial court erred in remanding his case for a new agency proceeding with a new hearing officer. However, we note that Mr. Young prayed for that exact relief when he petitioned the trial court for judicial review. Mr. Young requested that the trial court either reverse the decision or "remand the matter for a new hearing with a new hearing officer." Moreover, Tennessee Code Annotated section 50-7-304(i)(2), provides that the trial court may remand an agency decision where the rights of the petitioner have been prejudiced by unlawful procedure. Tenn. Code Ann. § 50-7-304(i)(2) (Supp. 2013). Here, the respondent conceded that the petitioner's rights may have been prejudiced by unlawful procedure. The Department acknowledged that the placement of Mr. Young's former colleague, Mr. Davis, as the Appeals Tribunal hearing officer may have presented a conflict of interest and denied Mr. Young the fair hearing to which he was entitled by law. *See* Tenn. Code Ann. § 50-7-304(c)(1) ("[A]n unemployment hearing officer shall first afford all parties reasonable opportunity for a fair hearing."). In light of the fact that Mr. Young requested a remand for a new hearing before a new hearing officer, and because granting such a remand was within the trial court's realm of alternatives, we find no error in the trial court's ruling. Additionally, we note that the trial court's decision to remand the matter for a new hearing does not prejudice Mr. Young, as his right to judicial review remains intact.

## III. CONCLUSION

The judgment of the trial court is affirmed. The costs of this appeal are taxed to the petitioner, Rickey G. Young, for which execution may issue if necessary.

_____
W. MICHAEL MALOAN, SP. JUDGE