IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2022

## STATE OF TENNESSEE EX REL. AALIYAH BUTLER v. PATRICK ROSS

**Appeal from the Juvenile Court for Maury County**
**No. 21-JV-100      Douglas K. Chapman, Judge**

_____

**No. M2022-00079-COA-R3-JV**

_____

A father has appealed from an order setting his child support obligation. Because the father did not file his notice of appeal with the clerk of the appellate court within the time permitted by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Patrick D'Angelo Lebrons Ross, Madison, Tennessee, pro se.

Stephanie Renee Reevers, Nashville, Tennessee, for the appellees, Child Support Services of Tennessee and Aaliyah Butler.

**MEMORANDUM OPINION[1]**

This appeal arises out of a Petition to Set Support filed by the State of Tennessee ex rel. Aaliyah Butler. On November 10, 2021, the Juvenile Court of Maury County entered an Order Setting Support requiring the father, Patrick D'Angelo Lebrons Ross, to pay

---

[1]Tenn. R. Ct. App. 10 states:

This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

$717.00 per month in current support and $43.00 per month in retroactive support. On November 16, 2021, Mr. Ross filed a request for a de novo hearing. On December 9, 2021, the juvenile court denied the request for a de novo hearing on the grounds the case was heard by the juvenile court judge, not a magistrate. Mr. Ross filed a Notice of Appeal with the clerk of the Juvenile Court of Maury County on December 16, 2021. After the Juvenile Court Clerk informed Mr. Ross that he had filed his notice of appeal in the wrong court, he filed a notice of appeal with the clerk of this Court on January 12, 2022.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. If one of the post-judgment motions listed in Tennessee Rule of Appellate Procedure 4(b) and Tennessee Rule of Civil Procedure 59.01 is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. Here, the time for filing the notice of appeal began to run, at the latest, on December 9, 2021, the date the trial court denied the request for a de novo hearing.[2] Thus, the notice of appeal was due on Monday, January 10, 2022. Tenn. R. App. P. 4(a) and 21(a). Mr. Ross did not file his notice of appeal with the clerk of this Court until January 12, 2022.

On January 24, 2022, this Court ordered Mr. Ross to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal. In response, Mr. Ross asserts that the notice of appeal he filed with the juvenile court clerk should have initiated a de novo appeal to the circuit court under Tennessee Rule of Juvenile Procedure 118. However, the Tennessee Rules of Juvenile Procedure only apply in delinquency, unruly child, and dependent and neglect proceedings. Tenn. R. Juv. P. 101. Appeals in all other civil proceedings before the juvenile court are governed by the Tennessee Rules of Appellate Procedure. Tenn. Code Ann. § 37-1-159(g). Thus, final orders not arising out of delinquency, unruly child, or dependency and neglect cases are appealed to this Court pursuant to Tennessee Rules of Appellate Procedure 3 and 4. *In re D.Y.H.*, 226 S.W.3d 327, 331. (Tenn. 2007); *Dept. of Children's Services v. Owens*, 129 S.W.3d 50, 55 (Tenn. 2004). Under Rule 4(a), the notice of appeal must be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[3]

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117

---

[2] Because the notice of appeal was not filed within thirty days of the order denying the request for a de novo hearing, we need not address whether the request extended the time for filing a notice of appeal under Rule 4(b).

[3] While the 2017 amendment to Rule 4(a) included a one year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.

S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the clerk of this Court deprives this Court of jurisdiction to hear the matter. *Flautt & Mann,* 285 S.W.3d at 869.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Patrick D'Angelo Lebrons Ross is taxed with the costs for which execution may issue.

PER CURIAM