IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 18, 2021 Session

## IN RE RYAT M.

**Appeal from the Circuit Court for Macon County**
**No. 2019-CV-18, 2018-JV-35     Clara W. Byrd, Judge**
_____

**No. M2020-00156-COA-R3-JV**
_____

In this dependency and neglect case, the juvenile court found the child dependent and neglected and awarded custody to Appellees, maternal grandparents. Appellant/father failed to timely perfect an appeal of the juvenile court's final order in the dependency and neglect matter. However, father filed a petition to set aside or vacate the same, which the juvenile court denied. On appeal, the circuit court accepted jurisdiction over the dependency and neglect matter, and conducted a *de novo* hearing; however, the circuit court denied hearing as to "other issues," including father's petition to set aside or vacate order. We conclude that the circuit court lacked jurisdiction to review the dependency and neglect petition; as such, we vacate the circuit court's order on dependency and neglect for lack of jurisdiction. Because there is a question as to whether father's notice of appeal concerning his motion to set aside or vacate order conferred jurisdiction on the circuit court to review that motion, we vacate the portion of the circuit court's order wherein it determined that it would hear no other issues on appeal. We remand to the circuit court for determination of whether father perfected an appeal of the juvenile court's order denying his motion to set aside or vacate order. If the circuit court determines that father perfected the appeal, then the circuit court should proceed with *de novo* review of father's motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded with Instructions.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Melissa Morris Baker, Brentwood, Tennessee, for the appellant, James H.[1]

Lisa C. Cothron, Lafayette, Tennessee, for the appellees, Kristy M., and Mark M.

---

[1] In cases involving minor children, it is the policy of this Court to redact the parties' names to protect their identities.

# OPINION

## I. Background

In June 2014, Ryat M. (the "Child") was born to Lindsey M. ("Mother") and James H. ("Father" or "Appellant"). Mother and Father were never married and are no longer in a relationship. The Child has resided with his maternal grandparents, Kristy M. and Mark M. ("Grandparents" or "Appellees"), for the majority of his life. On March 1, 2018, in the Juvenile Court of Macon County (the "Juvenile Court"), the Grandparents filed a petition to declare the Child dependent and neglected and for temporary legal custody. That same day, the Juvenile Court awarded the Grandparents temporary custody of the Child and set the matter for a preliminary hearing. Although she was served with the petition, Mother failed to appear for the preliminary hearing, which resulted in a waiver. The Juvenile Court found that Father was not entitled to a preliminary hearing because: (1) he and Mother were never married; (2) there had been no prior adjudication of his parentage;[2] and (3) custody of the Child lay solely with Mother when the petition was filed.

On August 2, 2018, the Juvenile Court held an adjudicatory hearing as to Mother only. Mother again failed to appear. By order of September 6, 2018, the Juvenile Court declared the Child "dependent and neglected as to Mother based upon the statements of the sworn petition . . . ." Mother has not appealed any of the Juvenile Court's orders, and she is not a party to this appeal.

On September 10, 2018, the Juvenile Court conducted an adjudicatory hearing as to Father. By order of September 25, 2018 (the "original adjudicatory order"), the Juvenile Court found that: (1) the Child was dependent and neglected as to Father; (2) "Father [had] willfully failed to support, visit, or provide any necessities [for the Child] since January 2017;" and (3) "the [C]hild [would] suffer substantial harm if he [was] removed from the continuous care of" the Grandparents. The Juvenile Court ordered that the Child would remain in the Grandparents' custody. The original adjudicatory order provided that it was a final order and that any appeal therefrom should be made to the circuit court within ten days following the entry of the order. Father did not appeal this order.

On October 26, 2018, Father filed a petition for custody modification asking the Juvenile Court to place the Child in his custody. On October 29, 2018, the Grandparents filed an answer to Father's petition. On November 1, 2018, the Juvenile Court conducted a review hearing in the dependency and neglect matter. On November 14, 2018, the Juvenile Court entered several orders. Relevant to this appeal, the Juvenile Court entered an order amending the original adjudicatory order (the "amended adjudicatory order") to provide that "the September hearing was both . . . [a]djudicatory and [d]ispositional, and

---

[2] During the pendency of this case, Father was determined to be the Child's biological father via a paternity test.

that it represent[ed] a final order." Father did not appeal this order.

On November 29, 2018, Father filed a motion to set aside or vacate several orders including the original adjudicatory order. The next day, Father filed a motion for change of custody, again asking the Juvenile Court to award him custody of the Child. The Grandparents filed replies to both of these motions in early December 2018.

On December 12, 2018, the Juvenile Court entered an order concerning Father's retroactive child support obligation. On December 22, 2018, Father filed a notice of appeal (the "first notice") in the Juvenile Court, wherein he stated that he was appealing the Juvenile Court's decision of December 12, 2018. By order of January 18, 2019, the Juvenile Court entered a visitation schedule between Father and the Child. That same day, the Juvenile Court set a hearing for April 12, 2019 on Father's motion to set aside or vacate order as well as his petition and motion for custody. On January 31, 2019, Father filed his second notice of appeal (the "second notice") in the Juvenile Court, wherein he stated that he was appealing "the decision of the Juvenile Court entered on the 18th of December 2019 [sic]." Apparently, Father misstated the date of the order appealed because the Juvenile Court did not enter an order on December 18, 2019.

On February 19, 2019, a "notice of filing appeal" was filed in the Circuit Court of Macon County (the "trial court") along with Father's appeal bond for costs. On February 25, 2019, counsel for both parties appeared before the trial court. The trial court ruled that Father's appeal was premature and noted that Father's motion to set aside or vacate order was set for April 12, 2019 in the Juvenile Court.

On April 12, 2019, the Juvenile Court heard Father's: (1) October 26, 2018 petition for custody modification; (2) November 29, 2018 motion to set aside or vacate order; and (3) November 30, 2018 motion for change of custody. By order entered April 24, 2019, the Juvenile Court dismissed Father's petition for custody modification and his motion for change of custody; the trial court also denied Father's motion to set aside or vacate order. Following entry of the Juvenile Court's April 24, 2019 orders, the trial court resumed hearing the case. By order entered, *nunc pro tunc*, on November 13, 2019, the trial court found that

3. . . . the Notice of Appeal, which was prematurely filed, is now applicable only to the [dependency and neglect] [p]etition, and no other issues will be considered.

4. The Appeal was perfected, as to the [a]mended [dependency and neglect] [a]djudicatory [o]rder, filed November 14, 2018.

The trial court also set a *de novo* trial for November 13 and 14, 2019 "as to the Adjudicatory Hearing held on September 10, 2018." By order of January 23, 2020, the trial court found

that the Child was dependent and neglected as to Father, and that custody of the Child should remain with the Grandparents.  Father appeals.

## II.  Issues

Upon review, we conclude that the dispositive issues in the case are:

1.  Whether the trial court acquired jurisdiction to conduct a *de novo* review of the dependency and neglect petition.

2.   Whether the trial court should have conducted a *de novo* review of Father's motion to set aside or vacate order.

## III.  Standard of Review

The issues in this case are purely procedural, presenting questions of law rather than fact.  Accordingly, our review is *de novo*, and we accord no deference to the trial court's conclusions of law.  *See Brunswick Acceptance Co., LLC v. MEJ, LLC*, 292 S.W.3d 638, 642 (Tenn. 2008).

## IV.  Analysis

Before addressing the issues on appeal, we first examine the unique characteristics of dependency and neglect proceedings.  As an initial matter, Tennessee Code Annotated section 37-1-103(a)(1) vests juvenile courts with exclusive jurisdiction over these proceedings.  Tenn. Code Ann. § 37-1-103(a)(1).  This exclusive jurisdiction continues until one of the following occurs: (1) the case is dismissed; (2) the custody determination is transferred to another court; or (3) a petition for adoption is filed.  Tenn. Code Ann. § 37-1-103(c).  Accordingly, absent one of the foregoing events, once a juvenile court's jurisdiction vests in a dependency and neglect proceeding, that court continues to hear any subsequent matters in that case.  *See In re Brian G.*, No. M2017-01586-COA-R3-JV, 2018 WL 4181474, at *2 (Tenn. Ct. App. Aug. 30, 2018).  Thus, as discussed further, *infra*, a juvenile court may enter multiple final and appealable orders in a case even after it has concluded the dependency and neglect portion of that case.

The appeals process in dependency and neglect proceedings is also somewhat unique.  Litigants wishing to appeal "*any* final order or judgment" from a dependency and neglect proceeding in juvenile court may do so by filing an appeal with the circuit court, rather than with this Court.  *See* Tenn. Code Ann. § 37-1-159(a) (emphasis added).  The appeal must be filed *and* perfected within ten days following the entry of the juvenile court's final order.  Tenn. Code Ann. § 37-1-159(a); *see also* Tenn. R. Juv. P. 118(e) ("[a]n appeal may be filed with the clerk of the juvenile court within 10 days of the entry of the final order.").  A party perfects an appeal when a notice of appeal is filed *and*:

(1) a filing fee is paid, or bond in lieu of the filing fee is posted;

(2) an affidavit of indigency is filed within the applicable time period and an order allowing filing on a pauper's oath is subsequently entered; or

(3) the court has previously determined the appellant to be indigent.

Tenn. R. Juv. P. 118(f). Only after an appeal is timely filed and properly perfected does the circuit court acquire jurisdiction to "hear the testimony of witnesses and try the case *de novo*." Tenn. Code Ann. § 37-1-159(a).

As mentioned, *supra*, a juvenile court may enter multiple final orders in a proceeding that began as a dependency and neglect matter. Thus, circuit courts may entertain multiple appeals from these cases. Indeed, the Tennessee Supreme Court has reiterated that any final order appealed from a dependency and neglect proceeding, even after the dependency and neglect matter has concluded, is properly appealed to the circuit court rather than to this Court. In *Tennessee Department of Children's Services v. Owens*, 129 S.W.3d 50 (Tenn. 2004), after the Tennessee Department of Children's Services ("DCS") filed a petition to declare a child dependent and neglected, the child's aunt and uncle filed a petition to intervene and for temporary custody. *Id.* at 52. Although the juvenile court later declared the child dependent and neglected, entered a final order terminating parental rights, and awarded custody of the child to DCS, it continued to exercise jurisdiction over that proceeding. *Id.* at 53; *see also* Tenn. Code Ann. § 37-1-103(c). Under its continuing jurisdiction, the juvenile court entered a subsequent final order denying the aunt and uncle's petition. *Id.* When the aunt and uncle appealed the denial of their petition to the circuit court, the circuit court dismissed the appeal for lack of jurisdiction. *Id.* On appeal, the Tennessee Supreme Court held that the aunt and uncle's appeal was properly before the *circuit court* because it was "connected to the dependency and neglect proceeding"—this despite DCS' petition and the order terminating parental rights. *Id.* at 54-55. In short, because the order appealed arose from the dependency and neglect proceeding, the juvenile court had continuing jurisdiction to hear it, and any appeal of an order therefrom was within the jurisdiction of the circuit court under Tennessee Code Annotated section 37-1-159(a). *Id.* at 55.

The Tennessee Supreme Court confirmed its *Owens* holding in *In re D.Y.H.*, 226 S.W.3d 327 (Tenn. 2007). In that case, the juvenile court also acquired jurisdiction over the action through the filing of a dependency and neglect petition. *Id.* at 328; *see also* Tenn. Code Ann. § 37-1-103(a)(1). The juvenile court entered a final order determining that the child was dependent and neglected as to the mother and awarded custody to the father. *Id.* Three years later, the mother filed a petition for change of custody. *Id.* After the juvenile court entered a final order that denied the mother's petition, she appealed the denial to the circuit court. *Id.* The circuit court dismissed the mother's appeal "ruling that

the petition for a change in custody was unrelated to the dependency and neglect proceeding, and, accordingly, any appeal should be filed in the Court of Appeals . . . ." ***Id.*** at 328-29. On appeal, the Tennessee Supreme Court first explained that the juvenile court originally acquired jurisdiction over the case through a dependency and neglect proceeding. ***Id.*** at 331. Because there was never an "interrupting event" that stripped the juvenile court of its continuing jurisdiction, it heard the mother's petition for change of custody under that continuing dependency and neglect jurisdiction. ***Id.***; *see also* Tenn. Code Ann. § 37-1-103(c). Accordingly, any subsequent final order by the juvenile court concerning "whether to modify an initial custody order [would] also arise from and be a part of the dependency and neglect proceeding." ***Id.*** So, jurisdiction over any appeal from such custody decision would lie with the circuit court under Tennessee Code Annotated section 37-1-159(a). ***Id.*** With the foregoing law in mind, we turn to address the issues before us.

### A. Trial Court's Adjudication of Dependency and Neglect Petition

Although not raised as an issue on appeal, we first address the trial court's exercise of jurisdiction over the dependency and neglect petition. Under Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court is required to "consider whether the trial and appellate court have jurisdiction over the subject matter" even if the issue is not presented for review. Tenn. R. App. P. 13(b). Subject matter jurisdiction "involves a court's power to adjudicate a particular controversy brought before it." ***First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.***, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001) (citing ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000); ***Cashion v. Robertson***, 955 S.W.2d 60, 63 (Tenn. Ct. App. 1997)). "A court's subject matter jurisdiction is derived—'either explicitly or by necessary implication'—from the state constitution or statute." ***Jack R. Owen Revocable Tr. v. City of Germantown***, No. W2018-01662-COA-R3-CV, 2019 WL 2233886, at *2 (Tenn. Ct. App. May 23, 2019) (quoting ***Benson v. Herbst***, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007)). "The existence of subject matter jurisdiction depends on 'the nature of the cause of action and the relief sought.'" ***Jack R. Owen Revocable Tr.***, 2019 WL 2233886, at *2 (quoting ***Landers v. Jones***, 872 S.W.2d 674, 675 (Tenn. 1994)). "[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal." ***Hirt v. Metro. Bd. of Zoning Appeals of Metro. Gov't of Nashville***, 542 S.W.3d 524, 527 (Tenn. Ct. App. 2016) (quoting ***First Am. Trust Co.***, 59 S.W.3d at 141).

Here, the Juvenile Court acquired exclusive jurisdiction over this case on the Grandparents' filing of the dependency and neglect petition. *See* Tenn. Code Ann. § 37-1-103(a)(1). Relevant to the dependency and neglect matter, the Juvenile Court entered two adjudicatory orders concerning Father: (1) the September 25, 2018 original adjudicatory order; and (2) the November 14, 2018 amended adjudicatory order. The original adjudicatory order specifically stated that it was a final order as to the dependency

and neglect matter, and that any appeal therefrom should be made to the trial court within ten days of its entry. The amended adjudicatory order clarified that the September hearing and order were adjudicatory and dispositional and represented a final order. Father failed to timely perfect an appeal as to either of these orders. *See* Tenn. Code Ann. § 37-1-159(a); Tenn. R. Juv. P. 118(e), (f). Although the Juvenile Court had already declared the Child dependent and neglected and ordered that custody should remain with the Grandparents, the order of January 18, 2019 resolved the issue of visitation between Father and the Child. Father failed to timely perfect an appeal as to this order as well. *See* Tenn. Code Ann. § 37-1-159(a); Tenn. R. Juv. P. 118(e), (f).

It is clear that the Juvenile Court entered a final order in the dependency and neglect portion of this case no later than January 18, 2019. We need not determine which of the above orders constituted the "final order" because Father failed to timely perfect an appeal as to any of them. Indeed, in his reply brief to this Court and at oral argument, Father conceded that he failed to perfect an appeal to the trial court of the Juvenile Court's final dependency and neglect order. Counsel for the Grandparents also acknowledged this fact at oral argument.[3] Because Father failed to properly perfect an appeal of the Juvenile Court's final dependency and neglect order(s), the trial court never acquired subject matter jurisdiction to conduct a *de novo* hearing on the question of dependency and neglect, *see* Tenn. Code Ann. § 37-1-159(a); **First Am. Tr. Co.**, 59 S.W.3d at 140, and it was plain error for the trial court to conduct the hearing and to enter judgment on same. Accordingly, we vacate the trial court's January 23, 2020 order adjudicating the dependency and neglect petition. *See* **Hirt**, 542 S.W.3d at 527.

## B. Trial Court's Adjudication of Father's Motion to Set Aside or Vacate Order

Having vacated the trial court's order on the dependency and neglect petition, we turn to address whether the trial court should have conducted a *de novo* review of any of the Juvenile Court's *subsequent* orders. As discussed, *supra*, our laws allow a juvenile court to enter multiple final orders in proceedings arising from dependency and neglect matters even after the dependency and neglect portion of the case has ended. *See* **In re D.Y.H.**, 226 S.W.3d at 331; **Owens**, 129 S.W.3d at 54-55; *see also* **In re Brian G.**, 2018 WL 4181474, at *2. Thus, circuit courts may entertain multiple appeals from these cases. *See* Tenn. Code Ann. § 37-1-159(a); *see also* **In re D.Y.H.**, 226 S.W.3d at 331; **Owens**, 129 S.W.3d at 54-55. In its November 13, 2019 order, the trial court ruled that it would review *only* the dependency and neglect petition and would consider "no other issues." Father argues that this was error. Specifically, Father alleges that the trial court should have conducted a *de novo* review of the Juvenile Court's April 24, 2019 order denying his

---

[3] We note that the Grandparents also filed a motion to dismiss unperfected appeal in the trial court wherein they argued that Father failed to timely perfect an appeal of the Juvenile Court's dependency and neglect order.

motion to set aside or vacate order.[4]

As an initial matter, we reiterate that, on November 29, 2018, Father filed a motion seeking to set aside or vacate several of the Juvenile Court's orders from the dependency and neglect proceeding, including the original adjudicatory order. Thus, it is clear that this motion and order arose from the initial dependency and neglect matter. *See In re D.Y.H.*, 226 S.W.3d at 331; *Owens*, 129 S.W.3d at 54-55. Also, it does not appear that there was an "interrupting event" that stripped the Juvenile Court of its continuing jurisdiction over the case. *See* Tenn. Code Ann. § 37-1-103(c); *In re D.Y.H.*, 226 S.W.3d at 331. Accordingly, we conclude that the Juvenile Court's entry of the April 24, 2019 order denying Father's motion to set aside or vacate order was proper under its continuing dependency and neglect jurisdiction. *See* Tenn. Code Ann. § 37-1-103(c). Therefore, if the Juvenile Court's April 24, 2019 order was both final and properly appealed, then the trial court should have reviewed it under Tennessee Code Annotated section 37-1-159(a). We turn to those questions now.

Father filed his motion to set aside or vacate order under Tennessee Code Annotated section 37-1-139(a) and Tennessee Rule of Juvenile Practice and Procedure 310(b). Tennessee Code Annotated section 37-1-139(a) provides that an order of the juvenile court shall be set aside if:

> (1) It was obtained by fraud or mistake sufficient to satisfy the legal requirements in any other civil action;
>
> (2) The court lacked jurisdiction over a necessary party or of the subject matter; or
>
> (3) Newly discovered evidence so requires.

Tenn. Code Ann. § 37-1-139(a). Similarly, under Tennessee Rule of Juvenile Procedure 310(b), in dependency and neglect proceedings, an order of the juvenile court shall be set aside if:

> (1) It was obtained by fraud or mistake sufficient to satisfy the legal requirements for relief in any other civil action;
>
> (2) The court lacked jurisdiction over a necessary party or of the subject matter; or

---

[4] The Juvenile Court also entered orders denying Father's petition and motion for custody. However, because Father's stated issues on appeal to this Court concern only the motion to set aside or vacate order, we do not address the trial court's failure to review the Juvenile Court's orders concerning Father's petition and motion for custody.

(3) Newly discovered evidence so requires. The court must determine that, with regard to such newly discovered evidence, the movant was without fault in failing to present such evidence at the original proceeding, and that such evidence may have resulted in a different judgment at the original proceeding.

Tenn. R. Juv. P. 310(b). Pertinent here, in his motion, Father argued that the original adjudicatory order should be set aside or vacated because: (1) it was obtained by fraud or mistake; (2) the Juvenile Court lacked jurisdiction over a necessary party or over the subject matter; and (3) newly discovered evidenced so required. Although we review the requirements for setting aside orders in the Juvenile Court, in this appeal, we are not concerned with the substance of Father's motion. Rather, we are charged to address whether the trial court had jurisdiction over the Juvenile Court's order denying Father's motion. We now turn to that question.

This Court has specifically addressed whether a juvenile court order denying a petition to vacate was a final order that was appealable to the circuit court in *In re A.W.*, No. E2011-01427-COA-R3-JV, 2012 WL 403869 (Tenn. Ct. App. Feb. 9, 2012).[5] *In re A.W.* began in the juvenile court as an unruly child proceeding.[6] *Id.* at *1. In February 2010, the juvenile court found the child to be an "unruly child" and placed him on probation. *Id.* Later, in January 2011, the child filed a petition to vacate, arguing that there were constitutional, procedural, and jurisdictional defects in the original proceeding when the juvenile court found him to be an unruly child. *Id.* The juvenile court denied the petition to vacate on January 26, 2011, and the child appealed the denial to the circuit court on February 3, 2011, which was within the ten-day period for appeals. *Id.* On a motion from the State of Tennessee, the circuit court dismissed the child's appeal stating that the time to appeal a final order had expired. *Id.* In reversing the circuit court, this Court explained that juvenile courts have exclusive, continuing jurisdiction over unruly child (and dependency and neglect) proceedings, and that an appeal from *any* final order in such proceedings may be made to the circuit court for a *de novo* review. *Id.* at *3-4. We concluded that, because the juvenile court's order denying the child's petition to vacate constituted a final appealable order, and because the child timely appealed the denial of the same to the circuit court, the circuit court had jurisdiction to conduct a *de novo* review of the petition to vacate. *Id.* at *4.

---

[5] We note that *In re A.W.* was one of four cases this Court consolidated due to a common question of law. *See In re M.R.*, No. E2011-01428-COA-R3-JV, 2012 WL 403876, at *1 (Tenn. Ct. App. Feb. 9, 2012); *In re B.R.*, No. E2011-01425-COA-R3-JV, 2012 WL 403871, at *1 (Tenn. Ct. App. Feb. 9, 2012); *In re T.W.*, No. E2011-01423-COA-R3-JV, 2012 WL 403878, at *1 (Tenn. Ct. App. Feb. 9, 2012).

[6] Although unruly child proceedings and dependency and neglect proceedings differ, they are treated identically under our statutes. Juvenile courts have exclusive and continuing original jurisdiction over both proceedings, and the appeal process to circuit court is the same. *See* Tenn. Code Ann. § 37-1-103(a)(1); Tenn. Code Ann. § 37-1-159(a).

It is clear from our statutory and case law that the Juvenile Court's April 24, 2019 order denying Father's motion to set aside or vacate order was a final order that was appealable to the trial court. *See* Tenn. Code Ann. § 37-1-159(a); ***In re D.Y.H.***, 226 S.W.3d at 331; ***Owens***, 129 S.W.3d at 54-55; ***In re A.W.***, 2012 WL 403869 at *4. Thus, the question becomes whether Father properly and timely perfected an appeal of this order. According to the record, Father did not file an appeal *after* the Juvenile Court's entry of the April 24, 2019 order. However, the record shows that a notice of appeal and an appeal bond for costs were filed two months prior, on February 19, 2019. Under Tennessee Rule of Juvenile Procedure 118(e), any appeal that is filed prematurely "shall be treated as filed on the day of entry of the order from which the appeal is taken." Tenn. R. Juv. P. 118(e). Therefore, it is *possible* that Father timely perfected an appeal of the Juvenile Court's April 24, 2019 order. If Father timely perfected his appeal of this order, then the trial court erred in refusing to review it.

Given the foregoing, we vacate the portion of the trial court's order ruling that it would consider "no other issues." On remand, the trial court must first determine whether the February 19, 2019 notice of appeal is sufficient to confer it with jurisdiction to address, *de novo*, the Juvenile Court's April 24, 2019 order denying Father's motion to set aside or vacate order. If Father properly perfected his appeal, the trial court should proceed to a *de novo* review of his November 29, 2018 motion to set aside or vacate order under Tennessee Code Annotated section 37-1-139(a) and Tennessee Rule of Juvenile Procedure 310(b).

### V. Attorney's Fees

The parties seek attorney's fees accrued in the trial court and on appeal. Because the trial court lacked jurisdiction to hear the dependency and neglect petition, we lack jurisdiction to hear or decide the issue of attorneys' fees arising from that proceeding. *See* ***Hirt***, 542 S.W.3d at 527. Concerning appellate attorney's fees, we note that Father failed to designate his request as an issue in the statement of the issues section of his appellate brief. Tennessee Rule of Appellate Procedure 27(a)(4) provides that an appellant's brief *shall* contain "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). Because "[a]n award of attorney's fees generated in pursuing [an] appeal is a form of relief," our rules require that such a request be stated as an issue on appeal. ***Killingsworth v. Ted Russell Ford, Inc.***, 205 S.W.3d 406, 411 (Tenn. 2006). Any issue not included in the statement of issues presented for review as required by Tennessee Rule of Appellate Procedure 27(a)(4), is not properly before the Court of Appeals. ***Hawkins v. Hart***, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). By failing to include the issue of appellate attorney's fees in his brief, Father has waived this issue.

The Grandparents included the issue of appellate attorney's fees in the statement of issues section of their appellate brief; as such, the question of their appellate attorney's fees is properly before this Court. In Tennessee, "litigants are responsible for their own

attorney's fees absent a statute or agreement between the parties providing otherwise." ***Darvarmanesh v. Gharacholou***, No. M2004-00262-COA-R3-CV, 2005 WL 1684050, at \*16 (Tenn. Ct. App. July 19, 2005) (citing ***State v. Brown & Williamson Tobacco Corp.***, 18 S.W.3d 186, 194 (Tenn. 2000)). The Grandparents argue that Tennessee Code Annotated section 36-5-103(c) authorizes an award of attorney's fees in this case. In part, the statute grants a court the discretion to award attorney's fees to a prevailing party in child custody proceedings. *See* Tenn. Code Ann. § 36-5-103(c). This Court has awarded attorney's fees under section 36-5-103(c) in a dependency and neglect action to a father who incurred attorney's fees when he successfully enforced a circuit court's custody decree concerning his children. *See* ***Shofner v. Shofner***, 232 S.W.3d 36, 40 (Tenn. Ct. App. 2007). Even assuming, *arguendo*, that section 36-5-103(c) allows the Grandparents to recover attorney's fees here,[7] such an award is still within the sound discretion of this Court. ***In re C.W.***, 420 S.W.3d 13, 22 (Tenn. Ct. App. 2013) (citing ***Archer v. Archer***, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). "In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." ***In re C.W.***, 420 S.W.3d at 22 (citing ***Darvarmanesh***, 2005 WL 1684050, at \*16). Here, we have concluded that the trial court may have erred when it declined to conduct a *de novo* review of the Juvenile Court's order denying Father's motion to set aside or vacate order. Accordingly, we are unable to determine which party has prevailed at this time. Thus, we conclude that the Grandparents are not entitled to an award of attorney's fees on appeal, and we deny their request for same.

## VI.  Conclusion

For the foregoing reasons, we vacate the trial court's January 23, 2020 order on dependency and neglect for lack of subject matter jurisdiction. We also vacate the trial court's ruling that it would consider "no other issues" on appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including, but not limited to: (1) determination of whether Father perfected an appeal of the Juvenile Court's April 24, 2019 final order denying Father's motion to set aside or vacate order; and (2) if so, for *de novo* review of Father's November 29, 2018 motion to set aside or vacate order. Costs of the appeal are assessed one-half to the Appellant, James H. and one-half to the Appellees, Kristy M. and Mark M., for all of which execution may issue if necessary.

_s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE

---

[7] We make no determination concerning whether Tennessee Code Annotated section 36-5-103(c) would allow the Grandparents to recover their attorney's fees in this case.